# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-01426-RGK-E | Date | February 21, 2020 |
|---|---|---|---|
| Title | *Alejo Campos v. Alton Palmer Trucking, LLC et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Remanding Action to State Court**

On December 20, 2019, Plaintiff Alejo Campos ("Plaintiff") filed a complaint against Defendants Alton Palmer Trucking, LLC ("Alton Palmer") and Patrick Alan Danks ("Danks") (collectively, "Defendants") alleging claims for (1) negligence; (2) negligent hiring, supervision, and retention; and (3) negligent entrustment. Plaintiff's claims arise from a "motor vehicle incident that occurred on September 7, 2018." (Notice of Removal ¶ 2, ECF No. 1.) Plaintiff served Alton Palmer with the complaint on January 13, 2020 and Danks on January 24, 2020. On February 12, 2020, Defendants removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendants' Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

28 U.S.C. § 1332 provides that district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court on the basis of § 1332 bears the burden of proving that the amount in controversy is satisfied. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007); *see Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (recognizing the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant.") "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Id.*

Here, Plaintiff's complaint is silent on the amount of damages sought. In the Notice of Removal, Defendants make the conclusory statement that the amount in controversy exceeds $75,000, but they provide no explanation as to how they calculated this amount. Accordingly, because Defendants have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-01426-RGK-E | Date | February 21, 2020 |
|---|---|---|---|
| Title | *Alejo Campos v. Alton Palmer Trucking, LLC et al*. | | |

failed to satisfy their burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, the Court **remands** the action to state court for all further proceedings.

**IT IS SO ORDERED.**

: 

Initials of Preparer